IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Reginald C. Sweat, #257472, ) | CIVIL ACTION NO: 9:11-2908-JMC-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Alburey Rennick, Sergeant, ) | |
| Cecilia Reynolds, Warden and ) | |
| Investigator Robinson, Individual ) | |
| and Official Capacities, ) | |
| ) | |
| Defendants. ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the named Defendants.

Rather than file answers to Plaintiff's Complaint, the Defendants all immediately filed motions to dismiss pursuant to Rule 12, Fed.R.Civ.P., asserting therein that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted. As the Plaintiff is proceeding pro se, Roseboro orders were entered by the Court advising Plaintiff of the importance of a motion to dismiss and of the need for him to file an adequate response. Plaintiff has filed responses to the motions to dismiss, which are now before the Court for disposition.[1]

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for
(continued...)



**Discussion**

Plaintiff alleges in his verified complaint that in August 2011 he submitted grievances to the Defendant Rennick, a Sergeant at the prison where he is housed, but that Rennick failed to file his grievances. Plaintiff further alleges that Rennick physically threatened him, and told him that he "done beat six lawsuits already". Plaintiff alleges that Reynolds also turned down his request to be separated from another inmate whom Plaintiff describes as his "pursuer", following which he was "assaulted three times" by this inmate. Plaintiff alleges that he has filed "numerous grievances" against Rennick and that his safety is being compromised because he has filed these grievances, but that the Defendant Reynolds (Warden of the Institution) "ignores" his complaints. Plaintiff also alleges that the Defendant Robinson (an Investigator) interviewed witnesses concerning his complaints, but that Robinson is failing to properly investigate his claims and nothing has been done even though Plaintiff has written several letters to the Warden. Plaintiff seeks monetary damages for violations of his rights. See generally, Complaint.

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, a Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319

---

[1](...continued)
all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motions to dismiss. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.



(1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard, and after a careful review and consideration of the allegations of Plaintiff's Complaint pursuant to the cited standards, the undersigned finds and concludes as follows:

**Defendant Robinson**. With respect to the Defendant Robinson, this Defendant argues that he is entitled to dismissal because Plaintiff's claims against him appear to be nothing more than a general criticism of Defendant Robinson's investigation techniques that do not rise to the level or a constitutional deprivation . . . ." The undersigned agrees.

In order to maintain a claim under § 1983, Plaintiff must show, in part, that a named Defendant deprived him of a federal right. Horton v. Marovich, 925 F.Supp. 540 (N.D.Ill. 1996) ["Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right"]. A plain reading of Plaintiff's Complaint, as well as the two responses he filed to this Defendant's motion to dismiss, clearly shows that he is complaining about the conduct of the investigation conducted by this Defendant. However, Plaintiff's complaint that this Defendant has not properly investigated his claims, while perhaps setting forth a cause of action under some state law and/or some prison policy, fails to set forth a claim for a violation of a constitutional right. Keeler v. Pea, 782 F.Supp. 42, 44 (D.S.C. 1992) [violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983]); see also Scott v. Hamidullah, No. 05-3027, 2007 WL 904803 *5 n.6 (D.S.C. Mar. 21, 2007) (citing Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)); Johnson v. S.C. Dep't of Corrections, No. 06-2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) ["Plaintiff's allegation



that Defendants did not follow their own policies fails, as the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation."] (citing Riccio, 907 F.2d at 1469 [if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue]); cf. Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990)["No citizen has an enforceable right to institute a criminal prosecution"]; Graw v. Fantagsky, 68 Fed. Appx. 378, 383 (3d Cir. 2003)[Observing that "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim."]; Lewis v. Williams, Nos. 05-13, 05-51, 05-52, 2006 WL 538546 at * 7 (D.Del. Mar. 6, 2006)["{T]he failure to investigate a grievance does not raise a constitutional issue."].

Therefore, Investigator Robinson is entitled to dismissal as a party Defendant. Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)["Complaint must contain facts which state a claim as a matter of law and must not be conclusory"]; Neitzke v. Williams, 490 U.S. 319, 322-330 (1989) [under 28 U.S.C. § 1915 a claim is frivolous and may be dismissed where it is presented in a patently insubstantial complaint, petition, or pleading].

**Defendant Rennick**. With respect to the Defendant Rennick, Plaintiff alleges that Rennick is harassing and retaliating against him, including failing to file his grievances, out of retaliation for Plaintiff having previously filed lawsuits or grievances. Retaliation against a prisoner for filing suits or grievances is actionable under § 1983. See Black v. Lane, 22 F.3d 1395, 1399 (7th Cir. 1994)(collecting cases); cf. Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978). Therefore, Plaintiff has stated a viable claim against this Defendant. Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005)["Courts should not dismiss a complaint for failure



to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"], citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

Further, this claim is based on conduct alleged to have occurred on and following August 2011. Therefore, these allegations set forth a separate claim from Plaintiff's previous lawsuits discussed in Defendants' memorandum,[2] and the Defendant is not entitled to dismissal based on his argument that Plaintiff has already litigated this claim. This Defendant is also not entitled to dismissal of this case on the basis of qualified immunity because it was certainly clearly established at the time of the actions alleged in the Complaint that retaliation against a prisoner for filing grievances and lawsuits was actionable under § 1983. Black, 22 F.3d at 1399; Hudspeth, 584 F.2d at 1345; see Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)[Defendant entitled to qualified immunity only insofar as the conduct alleged did not violate clearly established statutory or constitutional rights of which a reasonable person should have know]; cf. Pritchett v. Alford, 973 F.2d 307, 312 (4th Cir. 1992)["In determining whether the specific right allegedly violated was 'clearly established', the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged"].

Therefore, Rennick is not entitled to dismissal as a party Defendant at this time.

**Defendant Reynolds**. With respect to Warden Reynolds, Plaintiff alleges that he specifically put Warden Reynolds on notice that he was in danger from attacks by his roommate, and that this Defendant failed to take any corrective action, during which course of time Plaintiff was assaulted on three separate occasions by this other individual. This allegation states a claim

---

[2]Plaintiff is a frequent filer of litigation in this Court.



sufficient to survive a motion to dismiss. See Pruitt v. Moore, No. 02-395, 2003 WL 23851094, at * 9 (D.S.C. Jul. 7, 2003)[Deliberate or callous indifference on the part of prison officials to a specific known risk of harm states an Eighth Amendment claim], cert. denied, 2004 WL 232748 (4th Cir. 2004); Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. Mar. 11, 1997)["A defendant acts with deliberate indifference . . . if he or she 'knows of and disregards' an excessive risk to inmate health or safety].

However, this Defendant correctly points out that Plaintiff currently has another case pending in which he asserts this same claim. See Sweat v. Reynolds, et al., Civil Action No. 9:11-1706. As such, Reynolds should be dismissed as a party Defendant in this action, without prejudice. This will allow Plaintiff to continue to pursue this claim against this Defendant in his other pending lawsuit. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). ["The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."].

## Conclusion

Based on the foregoing, it is recommended that the Motion to Dismiss filed by the Defendant Robinson be **granted**, and that Robinson be **dismissed** as a party Defendant in this case, with prejudice. It is further recommended that the Defendant Reynolds' Motion to Dismiss be **granted**, without prejudice, and that she also be **dismissed** as a party Defendant in this case. Plaintiff may then continue to pursue his claim against Reynolds in his other pending lawsuit.

With respect to the Defendant Rennick, for the reasons set forth hereinabove, this Defendant's Motion to Dismiss should be **denied**.



The parties are referred to the Notice Page attached hereto.

_____

February 7, 2012  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

